The court will proceed to the fifth case of the day, the United States v. Hayden. Mr. Robertson. May it please the court, counsel. I'm Donovan Robertson, and I have the privilege of representing Darrius Hayden, the appellant. The case here today arises out of a two-day jury trial which took place in June of 2013. Mr. Hayden was being tried for the offense of being a felon in possession of a firearm, and he was convicted of that offense after the jury deliberated for several hours. I think the key to the appeal here today is the lack of evidence, the paucity of evidence, connecting Mr. Hayden to physical possession of the weapon. Certainly, the proof of his felon status was not difficult. The fact that the gun had traveled in interstate commerce was not difficult for the government, but the actual evidence showing that he possessed it was very thin. In fact, the only eyewitness testimony to his possession of that gun came from a gentleman named Cameron Elliott, who was actually found in possession of the gun. The offense started on the morning of December 4th of 2012. There was a 911 call that was made by a fellow named Diego Shears. He informed the 911 operator that he had been robbed and that he had been robbed by two people, and he indicated that the two people were black, they were 14 or 15 years old, and he couldn't identify them. He got the phone from a friend of his who was within a few yards named Michael Ross. Michael Ross saw this transaction but was unable to identify either of the two alleged assailants, nor did he see a gun, and on cross-examination he specifically denied seeing Mr. Hayden with the gun. Mr. Shears had advised police who were in the area and had responded that the alleged assailants were headed towards the house, and he pointed it out. It was just a few blocks from where this occurred in Rock Island, Illinois. Police went there, gained entry to the house based on permission of the owner, and they saw Cameron Elliott, the fellow with the weapon, going out the back. He was pursued by Officer Ledbetter. Officer Ledbetter's partner went into the house and found Mr. Elliott. It is significant that the weapon that was involved was found on Cameron Elliott, the same person who testified that he was given the gun by Mr. Hayden. Mr. Shears, of course, was not available. He was out of the jurisdiction. Efforts by ATF and other agencies to get him to the trial were not successful. The error that we're alleging here today is that the 9-1-1 tape, the 9-1-1 transcript, should not have been admitted. That was Exhibit 10-A. And we're asking that the court apply plain error review. There was no objection made at the time that it was offered. Clearly, for this court to apply plain error review, you have to find that there was an error. We believe that the error here was the violation of the right of confrontation under Crawford against Washington, that the error has to be plain, and that it affected the outcome of the trial. Again, I think the key to the understanding of how this could have affected the outcome of the trial is the thinness of the evidence itself. Taken by itself, it doesn't seem that the 9-1-1 call really adds much, nor does it raise anything separately that didn't come in through other witnesses. But, again, the very thinness of the evidence, I believe, makes the error in this case plain and one that could have affected the outcome. Counsel, could you, I guess I'm concerned why either the 9-1-1 tape or Officer Ledbetter's account of what Shears told him about the robbery could not come in as non-testimonial content under the Michigan against Bryant emergency exception? That is a very difficult hill to climb, Your Honor, because the Bryant case asked the court to make an objective analysis of why the call was made. I'm aware that we asked you to argue this. Pardon, sir? I'm aware that we asked you to argue this. Yes, and that provides a very difficult hill to climb in that this call was clearly, when you look at it, it did appear to be an emergency call. I can't really dispute that. But then that throws us over to the question of if we look at the federal rules of evidence, would it be admissible under excited utterance or present sense impression? And I think there's some foundational difficulties there. Dealing with the length of time after the actual assault had taken place and the amount of time in the call. Thank you. We're asking the court to exercise plain error review and to reverse Mr. Hayden's conviction and send this back for a new trial. Thank you, Your Honors. Thank you, Mr. Robertson. Mr. Walters. Good afternoon, Your Honors. May it please the court, counsel. I'll be very brief. I think actually Mr. Robertson and I are in agreement on a few things. He does have a difficult hill to climb. I have an understanding the court asked him to brief the issue of the testimony or non-testimonial nature of the various statements, and we conceded in our brief. I hope it was clear that if this court were to find that it was air, it was plain to admit the 911 call, that our case would have been significantly less persuasive without the 911 call. But the case really, and this is even assuming there's no waiver because there was an affirmative statement of no objection. But just looking at the substance of the issue, we do not believe the district court aired under Michigan v. Bryant, Davis v. Washington, and even this court's own precedent in United States v. Thomas, in which it found a 911 call that lasted more than three minutes, I believe, in that case, was non-testimonial because, as in this case, the primary purpose of the interrogation by the 911 operator was to address a real or perceived ongoing emergency. The same argument really applies to the statement to Officer Ledbetter, who showed up during the 911 call, and then the very brief statement, my dude was robbed, from Diego Shears. And so there's not a confrontation clause issue, and ultimately these statements were admissible under the hearsay exceptions of excited utterance or present sense impression. So we would ask this court to affirm the district court, and unless this court has any other questions, we would rest on our brief. Thank you, Mr. Walters. Thank you, Your Honors. Robertson? I have nothing to add. Our thanks to both counsel and the judge. We really appreciate your taking the opportunity to speak. My pleasure. My privilege as well. Thank you. The case is taken under advisement.